# IN THE COURT OF APPEALS OF IOWA

No. 18-0259
Filed August 7, 2019

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JONTESE L. WARE,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Linn County, Nicholas L. Scott, District Associate Judge.

       The defendant appeals his convictions for assault causing bodily injury. **AFFIRMED.**

       David R. Fiester of Law Office of David R. Fiester, Cedar Rapids, for appellant.

       Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

       Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

"[A] camera is not a witness that is amenable to cross-examination."[1]

Yet Jontese Ware contends the district court erred by allowing the State to present photographs depicting injuries to an assault victim who did not testify at his trial. Ware now challenges admission of that evidence under the Confrontation Clause. Because the photographs are not testimonial statements, their admission did not violate Ware's right to confront witnesses against him. Finding the photographs are admissible, we affirm Ware's convictions for assault causing bodily injury.

## I.      Facts and Prior Proceedings

A shopping trip to Walmart with his girlfriend and their two children turned into trouble for Ware. As Ware's family walked toward the store, Y.D. drove her car into the Walmart parking lot. Y.D. had two passengers: M.D. and A.F.

The path of Ware's family intersected with Y.D.'s route. In her testimony, Y.D. recalled slamming on her brakes as "two small children ran across the parking lot." Passenger M.D. told Ware to "get your kids." Ware delivered a crass rejoinder, and M.D. responded in kind.

The encounter became physical when Ware "snatched" A.F. from the front seat and slammed the door on her foot, according to Y.D.'s testimony. Y.D. saw Ware punch both M.D. and A.F. M.D. confirmed Ware struck her twice in the face,

---

[1] *Sevin v. Parish of Jefferson*, 621 F. Supp. 2d 372, 383 (E.D. La. 2009) (holding photographs of vehicles taken by traffic cameras were not "testimonial" statements and introduction of photographs into evidence did not implicate the Confrontation Clause).

requiring a trip to the hospital for stitches. A.F. also went to the hospital, because "her top lip was gashed really, really bad," according to M.D.

As a result of these events, the State charged Ware with two counts of assault causing bodily injury against M.D. and A.F. At his jury trial, Y.D. and M.D. testified; A.F. did not. Because A.F. did not appear, Ware objected to the State's offer of two photographs showing A.F.'s injuries allegedly suffered in the altercation. Ware argued the photographs are inadmissible hearsay and violate his right to confrontation. The district court rejected Ware's arguments and allowed the jury to see those photographs. M.D. testified the photographs reflected A.F.'s appearance after Ware's assault. The jury found Ware guilty as charged. Ware appeals.[2]

## II.     Scope and Standards of Review

We review Confrontation Clause claims de novo. *State v. Rogerson*, 855 N.W.2d 495, 498 (Iowa 2014). That level of scrutiny contrasts with our review of hearsay rulings, which is for the correction of errors at law. *State v. Plain*, 898 N.W.2d 801, 810 (Iowa 2017).

## III.    Analysis

Ware's appeal focuses on two photographs of A.F. The first image shows her entire face and the second depicts her lifting her upper lip to reveal lacerations

---

[2] Ware asserts trial counsel preserved this evidentiary issue but argues alternatively, if counsel did not preserve the claim, counsel was ineffective. Recent legislation directs that ineffective-assistance-of-counsel claims "shall not be decided on direct appeal from criminal proceedings." S.F. 589, 88th Gen. Assemb. § 31 (Iowa 2019) (codified at Iowa Code § 814.7 (2019)). Several cases are pending before our supreme court to determine whether that directive has retrospective application. Here, both Ware and the State agree the defense preserved the issue for appeal. We also agree. So we need not address the claim within the ineffective-assistance-of-counsel framework and the above legislative change does not apply.

above her teeth.  In seeking to exclude those photographs at trial, Ware relied on both hearsay rules[3] and the Confrontation Clause.[4]

Ware's objection narrows to the Confrontation Clause on appeal.  He argues the photographs "should be regarded as testimonial in nature" because the State offered them "to demonstrate the injury" he allegedly inflicted on A.F.  He posits, "Without the ability to cross examine [A.F.], it is not possible to determine whether the injury was suffered due to the actions of the defendant, accident on the part of the victim, or any other viable explanation."

Contrary to Ware's argument, the photographs are not testimonial statements.  "[O]nly testimonial statements which cause the declarant to be a 'witness' [fall] within the meaning of the Confrontation Clause."  *State v. Shipley*, 757 N.W.2d 228, 236 (Iowa 2008) (quoting *Davis v. Washington*, 547 U.S. 813, 876 (2006)).  By bemoaning his inability to cross examine A.F., Ware suggests A.F. is the declarant at issue.  But the photographs of her injuries are not "declarations" by A.F. or anyone else.  *Cf. State v. Newell*, 710 N.W.2d 6, 18 (Iowa 2006) (testimony about injuries observed on victim were not hearsay statements).  A declarant must be a human.  *State v. Reynolds*, 746 N.W.2d 837, 843 (Iowa 2008).  The camera is not a declarant by generating these images of A.F.  And

---

[3] Hearsay is "a statement that: (1) [t]he declarant does not make while testifying at the current trial or hearing; and (2) [a] party offers into evidence to prove the truth of the matter asserted in the statement."  Iowa R. Evid. 5.801(c).  A "declarant" is "the person who made the statement."  Iowa R. Evid. 5.801(b).  A "statement" is "a person's (1) oral assertion or written assertion; or (2) nonverbal conduct, if intended as an assertion."  Iowa R. Evid. 5.801(a).

[4] The Sixth Amendment guarantees "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.

their admission into evidence did not violate Ware's right to confront witnesses against him.

Our conclusion on this point finds union in opinions from other jurisdictions. *See, e.g., Sevin*, 621 F. Supp. 2d at 383 (rejecting claim photos taken by automated traffic signal enforcement system are "testimonial"); *People v. Cooper*, 56 Cal. Rptr. 3d 6, 17 (Dist. Ct. App. 2007) (explaining "[p]hotographs and videotapes are demonstrative evidence, depicting what the camera sees" and are not "testimonial"), *abrogated on other grounds by People v. Archuleta*, 170 Cal. Rptr. 3d 361; *Rivera v. State*, No. 08-K-16-000664, 2018 WL 1074874, at *3 (Md. Ct. Spec. App. Feb. 27, 2018) (finding photos from sexual assault nurse examination were not testimonial); *State v. Smith*, 367 P.3d 420, 432–33 (N.M. 2016) (holding autopsy photographs depicting murder victim's wounds were not "assertions"); *People v. Myers,* 928 N.Y.S.2d 407 (App. Div. 2011) (holding photographs depicting victim's injuries were demonstrative rather than testimonial evidence); *Herrera v. State*, 367 S.W.3d 762, 773 (Tex. Ct. App. 2012) (holding autopsy photos were not "testimonial"). In the same vein, our court has held that fingerprint records are not testimonial. *State v. Moore*, No. 14-0557, 2015 WL 1817028, at *4 (Iowa Ct. App. Apr. 22, 2015).

Because the photographs of A.F.'s injuries are not testimonial statements casting her as a "witness" unavailable for cross examination, their admission did not violate Ware's confrontation right. The district court properly overruled Ware's objection to admission of the photographs.

**AFFIRMED.**